And, Counsel, when you're ready, you may proceed. Thank you, Your Honors. And may it please the Court, Paul Moore with McCracken, Stoneman & Holsberry, on behalf of Appellant Local Joint Executive Board of Las Vegas. In this appeal, the union is making two primary points. They're interrelated, but they're also separable, as I'll explain today. The first is that Mirage has not met its burden of demonstrating that the union clearly and unmistakably delegated to the arbitrator in this matter the authority to determine whether the union's grievance was substantively arbitrable under the collective bargaining agreement's arbitration clause. Mirage's claim that the union delegated this authority to the arbitrator is not based on the arbitration clause itself in the CBA. It's based entirely on the union's conduct during the hearing. But that conduct was silent, or at most ambiguous, about whether the union was submitting the question of substantive arbitrability to the arbitrator. And under the First Options v. Kaplan case, silence or ambiguity is not enough to delegate that issue. Counsel? Yes, Your Honor. What do you think should have happened here when Mirage raised its objection to arbitrability? I mean, I realize it was after the arbitrator had been selected. It was after they had appeared and, I guess, were ready to present evidence. But at some point, Mirage said this. It said, We're objecting. What do you think the union should have? I mean, what were you supposed to do? Let me make clear that Mirage raised two points. It raised first a challenge based on procedural arbitrability. Procedural arbitrability is the question of whether certain procedural precursors to arbitration have been met. In this case, there was a timeliness challenge. Under the John Wiley and Co. case, those questions are always matters for the arbitrator to decide. Second, Mirage raised an issue of substantive arbitrability. As I'll explain, that issue was in fact the merits of the case. But they presented it as an issue of substantive arbitrability. Now, you disagreed with that. But given that they presented it that way, why didn't you have an obligation to do something to get out of arbitration or to preserve the issue that the arbitrator had no jurisdiction to decide that? Because it seems like your position is you can just sit there, see if you like what the arbitrator says, and then get a second bite at the apple. And I'm trying to figure out how that's not the result of your argument here. Well, in fact, what happened here was not that the union just sat on its case. What the union did here is essentially what George Day says you're supposed to do. Now, we can get into whether George Day, which is a pre-first options case, remains the law that should apply in these circumstances. But in fact, what the union did, what union counsel did, was on the record at the But yes, but didn't say, and if you disagree with us, you don't even have jurisdiction. That's correct. The union did not state that. The union stated there is no substantive arbitrability question here. And then what the union did was agreed with counsel for the mirage that briefing would be bifurcated. The union stated only that the issue of procedural arbitrability, the timeliness arbitrability question, singular, would go to the arbitrator. So the union never delegated to the arbitrator this separate question. But do you have any case that says that the clearly and unmistakably rule applies in a case where the party who's now challenging substantive arbitrability is the same party that submitted a dispute to arbitration? So this case has not come up. The George Day cases are all situations in which the party that is objecting later on objected to the whole thing. They're distinguishable for that reason. And my worry is that the clearly and unmistakably standard is designed for that other type of posture. So it is a little odd to apply it in a posture where you're giving the case to the arbitrator voluntarily. You're saying, I want to arbitrate this dispute. And but not the – somehow that doesn't implicitly say that if a jurisdictional question comes up, you're also giving that to the arbitrator? I don't think it does, Your Honor, because we don't have a case in this weird posture. There is no case that says that arises in this particular circumstance, where in this case the union agreed that the matter was arbitrable, but did not agree that there was either a substantive arbitrability question at all, and it was correct on that, as I'll get to, or that that issue should go to the arbitrator. AT&T Technologies, in the line of cases, first options, all of these cases, do not say that the clearly and unmistakably standard only applies where you're objecting. They don't, but it's like they would never imagine this weird situation we have in this case. I mean, it's a very odd situation to have a party who wants to be in arbitration saying, but wait, there's – but there's one issue the arbitrator can't decide. I – in this case, I don't think it is, because in this case what the union was objecting to, it's not simply that the union said, okay, I agree there's a substantive arbitrability question here, but we don't want you to answer it. The union's objection here, which was correct, was that what was being raised was not a substantive arbitrability question at all. It was the merits. But what if they had done it better? I mean, what if they had said, we don't think that the party's agreement for arbitration ever covered this type of dispute? Then it would have been a better objection, and you wouldn't have been able to say, okay, that's exactly the merits. I mean – There may be, Your Honor, a different case in which there is not a clear objection to what's being raised that says you're confounding the merits with substantive arbitrability, which is what happened here and what the union raised. But so I – so let me back up. So when you went to arbitration with this dispute, you thought it should be arbitrated, but you don't – you didn't have any idea whether they might ever have some kind of proper jurisdictional objection. I mean, you didn't think they would, but who knows what they would say as to substantive arbitrability. Maybe they would come up with a proper objection. If they had, what would you have done? Well, if there had been a proper objection to substantive arbitrability, say, for example, if Section 29.01, which is the one at issue, said expressly certain matters are not part of the arbitration clause, then the union's objection, which in this case was you're confounding the merits with substantive arbitrability, that was its objection on the record and in its post-hearing brief, wouldn't have carried water. Right. Right. But let's go with the hypo. So say there's a clause that says we're going to arbitrate everything, but maybe not some things, or, you know, some things involving subcontractors or something, and there's some dispute about whether this is supposed to be arbitrated. And you go into arbitration, and you think it should be an arbitration, but they don't, and they make an objection. You bring it to arbitration, and they say we don't think we should this, that we are disputing whether this can even be arbitrated. What do you do then? Well, I think under first options, if the union does not agree that that matter should go to the arbitrator, if there is not a clear agreement between the parties that, yes, we are submitting that matter to the arbitrator, then that, there is a reservation of that as a judicial issue. But who has to say that? Well, I think what there has to be is there has to be agreement. That's what AT&T technology says, which is that in order for that additional issue to be submitted to the arbitrator, either it has to be clear in the arbitration clause, or the parties have to agree that, yes, we are submitting this issue to the arbitrator. Right. So if it's unclear whether there was agreement, and the parties are disputing that in the arbitration that, say, a union initiated, then what happens when the defendant says, wait, we don't even think this is arbitrable? Does the union just sit there and wait for the arbitrator to decide it and then bring it to court later? Or do they have to do something? What do they have to do in that situation? So I don't think that under first options there can be an affirmative obligation to object. I don't think it's implicit in civilian merits. So how is there this so is this a rare instance in the law where you get two bites at the apple? Your Honor, I would disagree that this is two bites at the apple. Well, what if the arbitrator had decided this in your favor? I mean, they think they presented a substantive arbitrability question. I understand you don't think they did, but the arbitrator thought they did and they thought they did, and he decided something about substantive arbitrability. What if he decided it in your favor and continued on to the merits? Your Honor. Then you would have agreed to him deciding it, right? Then, you know, the question of whether we would not object because, in fact, the issue was one of the merits. I'm not sure what the issue was. This is a very confusing area of the law. And I think a concern that Judge Frieden is expressing, which I have as well, doesn't mean that they're off the hook. But I mean, I do have this concern is that had it gone the way you had planned, we wouldn't be here. It's only because we went down this path and all of a sudden maybe you didn't expect something. Now there's an appeal to do it all over again. And I think there's a concern about why is it that you have a do-over. I understand that concern. And let me make two points, because I want to get to the core issue here, which is whether the arbitrator got it right, regardless of the standard that's being applied. I want to first point out that, in fact, the arbitrator did not understand substantive arbitrability to have been put in front of him. At Excerpt of Record 87, he states the parties engaged in a mutual discussion and decided to bifurcate procedural arbitrability from the merits. That's what the arbitrator understood. The arbitrator didn't understand the difference between procedural and substantive arbitrability. The arbitrator also believed that – Even if – we may agree with you about that, but didn't – once the arbitrator says, I don't even have jurisdiction over that, that's a substantive arbitrability ruling, even if he wasn't supposed to make it, right? Well, it demonstrates that the union did not submit that issue to him. The arbitrator is saying, what's in front of me is procedural arbitrability, and then moved on to address what, in effect, were the merits of the dispute. Let me get to that question, because in some ways, the issue of whether the union submitted the issue of substantive arbitrability clearly and unmistakably put that issue in front of the arbitrator is a sideshow to the central question here, which is, what was this arbitrator doing? The substantive arbitrability question that this arbitrator should have been answering if that issue was before him was the question of whether the language in section 29.01 of the collective bargaining agreement and in the MOA, which states that the employer shall at all times hold and exercise full control over B.B. King's, its lessee's, workers' terms and conditions of employment, whether the party's dispute over that language and how far that language went involved an interpretation, a dispute over interpretation of the CBA. That is the substantive arbitrability question. And that is not the question that the arbitrator answered. The arbitrator did not understand what the question before him was. But aren't you on even weaker ground if you're saying he just got the merits wrong? I mean, so your main argument, as I understood it, was a court should have decided substantive arbitrability, but if you're now leaping to, well, forget, he didn't really decide substantive arbitrability, he really just went and decided the merits. You wanted him to decide the merits. And you've got a pretty uphill battle on standard of review if we're talking about him deciding the merits, right? No, Your Honor, you're incorrect about that. The issue, the merits were never briefed by the union here. Right. They were never presented to the arbitrator. Although you had a hearing about them. This was post-hearing briefing, but there was a hearing, right? But the parties agreed that briefing on the question of the merits would come later. Right. And certainly everyone understood that to be the case. So the question So what was your point that you were just getting at when you were saying he misunderstood substantive arbitrability and really decided the merits? It sounded like you were making an argument that he decided the merits, but now you're backing off on that. No, yes, that is our argument, Your Honor. Our argument is that, in fact, the arbitrator did not decide substantive arbitrability. The arbitrator's decision on substantive arbitrability, which is a distinct question from the merits, did not draw its essence from the contract because the parties' dispute over the scope of Merage's obligations under Section 29.01 involve a matter or a dispute over interpretation of the CBA. That's the question that the arbitrator should have answered, and the question that is undisputably yes. The parties had a dispute. It was arbitrable. Instead, what the arbitrator did here was ignore the arbitration clause, did not say anything about whether this was in fact a dispute over interpretation of the collective bargaining agreement, and proceeded to determine whether Merage was liable under Section 29.01, the merits of the dispute. So that decision, if in fact substantive arbitrability was in front of the arbitrator, that decision is not just wrong. The arbitrator got the question wrong, did not interpret the correct provision of the CBA, and the decision on substantive arbitrability can't draw its essence from the contract. But so you are saying he did decide substantive arbitrability? We are saying that the arbitrator did not have that matter before him because the union did not clearly and unmistakably delegate that issue to him. But the arbitrator said that that's what he was doing, sort of. He said he was deciding procedural arbitrability, but then even under a generous interpretation of the decision, which is that he actually was deciding substantive arbitrability, what he ended up doing was decide the merits. And that's wrong first because he said he was deciding substantive arbitrability. And if that's the case, then that decision doesn't draw its essence from the collective bargaining agreement, doesn't interpret section article 21, which defines the grievance. But you don't think he could have decided it anyway, so it almost doesn't matter whether he got it wrong because you think a court should decide it. It does. It does matter for the following reason, Your Honor. The only reason that the court needs to be concerned about whether or not that issue was in front of the arbitrator is the standard of review. It's either if it wasn't properly before the arbitrator, if the court decides that this was not an issue that was clearly and unmistakably delegated to the arbitrator, then the court reviews the question of arbitrability independently. If it was in front of the arbitrator, if the court decides that, you know, the union-through-it conduct somehow did give that issue to the arbitrator, then there's a level of deference that's granted to the arbitrator's decision. What we're saying is that regardless of whether the court reviews the substantive arbitrability question independently or under a deferential standard of review, the decision can't stand. The arbitrator did not decide substantive arbitrability. The arbitrator went to the merits of the dispute. So let's go down both paths. So if we agree with you that he didn't have the ability to decide substantive arbitrability, do you need to then file a new action in court asking a court to decide it? I'm not sure why we should be deciding it in the first instance. We don't usually do that on appeal. So the we have filed a petition to vacate. They filed a cross-petition to enforce the agreement. But the issue of the But in your petition to vacate, did you file a petition asking a court to determine substantive arbitrability? We stated that the matter was for the court to decide. So whether this court decides it in the first instance, which I believe is within the power of the court to do, since whatever question previously about whether we were delegating this issue to the arbitrator, the union now states we want court interpretation of this issue, whether it's a matter for the arbitrator, for this court to decide in the first instance, which I believe it is, or whether the court remands the issue to the district court to make that determination in the first instance, I think those are the two options. But Let's go down the other path then. So if we think it was given to the arbitrator, but the arbitrator decided it incorrectly, then you want it to be still an arbitrable dispute. So is this going to go back to the same arbitrator to decide the merits? And we already know this arbitrator thinks you lose on the merits? Or is it going to go to a different arbitrator? What's going to happen if you win on that path? First of all, Your Honor, I don't know what the arbitrator would do. We weren't allowed to brief this issue.  the merits. So we have a hint that he disagrees with you on the merits. Counsel, you're saying you'd be happy if the same arbitrator decided this, if we sent it back? The question of where this dispute is now, these are events that happened in 2011. It's likely that the parties have moved on from it. So I don't know. Well, that's a perfect segue. I know we're way over time here, and we've been asking a lot of questions. But this is really a question I'll ask you, and I'm going to ask you, opposing counsel, the same question. This case is about unused vacation time at a B.B. King's restaurant, is that right? That's right, Your Honor. All right. In the world of big union issues and big casino issues, I can't imagine this is financially a big number. This case is actually a quite important case, if that's the question. Well, financially, how important is it? It's important for two reasons, Your Honor. I don't know the answer. How much money are you guys looking for in this case? It's probably in the hundreds of thousands. OK. All right. Hundreds of thousands. And I look at the litigation costs in this case. They've got to be probably equal to that or more, would be my guess. Your Honor, the reason here is because this question of what responsibility the big casinos in Las Vegas have over their increasing trend of contracting out or leasing out space within them is at the heart. It's a crucial issue for both parties. I appreciate on the big picture, maybe it is. Procedurally, this may not be the case to try to resolve it, because procedurally this case is so incredibly mixed up. And so I guess the question I have for you, and I'm asking opposing counsel the same question, so get ready, is why can't we just send this case to mediation? You guys worked this out. I mean, this case, candidly, this case should have been worked out a long time ago. You mentioned this is 2011, unused vacation time. We're still litigating six years about unused vacation time. We are litigating about the question of Mirage's obligations. No, actually, this case is about unused vacation time. I understand there may be a bigger movement out here, but what we're deciding today is about unused vacation time. It's not about other labor negotiations. So I guess the question here is that, my question is, is that why can't we just send this case to mediation, have you guys actually sit down, which is probably what should have happened in the first place, and work this out? Your Honor, with all due respect, we don't see this as a case simply about several hundred thousand dollars of used vacation time. In terms of mediation, you're saying no? We're saying that this case is about a decision holding that a crucial part of the union's collective bargaining agreement dealing with who is responsible on all manner of terms and conditions. Counsel, counsel, counsel, the question is, if we send you to mediation, in this court, not about what the case is, you can save that for the mediator, the question is for you is that do you think that would be helpful? Your Honor, I we're always willing to seek to mediate, but I do not in this case believe it's helpful, because I believe that in this case the crucial issue and the one that we seek this Court's review on is the bigger issue. It is not the small issue that was involved in the grievance. But we're deciding something about whether you consent, it's a decision on substantive arbitrability. We're not going to decide whether they actually have a liability here. There's no way you're going to get a decision from us right now about whether they had to pay this. What we have right now is a decision from an arbitrator saying that this class of cases involving Merage's obligations on for its tenants is categorically not arbitrable. That decision is what we seek to have the Court review. But we're going to have to decide who gets to decide that question, not even that question, right? So I don't think you're going to get what you're – I don't understand how what you're asking for in this appeal is going to get you what you say you're looking for. So what we have at the end of this appeal is a decision vacating the decision by the arbitrator because it did not draw its essence from the contract or because the Court or the district court, if it's done on remand, agrees that matters of the scope of Merage's obligation to at all times hold and exercise full control over its tenants' terms and conditions of employment is, in fact, arbitrable. That's what we're seeking in this case. That will, in fact, be an important precedent for us. Okay. Thank you, counsel. Thank you, Your Honors. May it please the Court? I'm Caitlin Burke, attorney for Peli Merage. We request that you affirm the district court's decision granting our motion for summary judgment and uphold the arbitration award. Now, this is a very... Counsel? Didn't the arbitrator ignore Section 21? He did not. So what we have here is a third party who's not a party to the CBA. So he looked at the MOA and together with the CBA. When he interpreted the CBA's arbitration clause, he was looking at it to make sure he was consistently interpreting both documents. This is the case where we have non-employees of the Merage trying to file a grievance... Now you're talking about the merits. But the arbitration clause clearly left every... said this had to be arbitrated. And what he said is this can't be arbitrated. Our position is that he said this cannot be arbitrated because he looked at was there other forceful evidence that Merage could not be the party to this grievance. He found there was other forceful evidence when looking at contract language from other contracts that didn't have a safeguard, that the union was insisting we would have joint liability. He looked at the MOA in order to properly interpret all the terms to the agreement. So look at everything consistently. The other question I have is why didn't Merage... Why shouldn't we say that Merage, and indeed why I think the union was, why didn't Merage, didn't it waive it? Merage went pretty far before it suddenly said, oh, wait a minute. This is not arbitrable. There's substantial case law, and we put it in our post-hearing arbitration brief, that you can raise substantive arbitrability issues for the first time at the arbitration hearing. So I don't think the union's contesting that. They said it was waived. We cited the case law that said you can raise this for the first time at the arbitration hearing, and the arbitrator agreed. I want to get to a question that you asked, Your Honor. You said, what did the union have to do? George Day is very clear in what the union had to do. And I don't think first options abrogates their responsibility under George Day. They could have simply not proceeded on the arbitrability question during the arbitration hearing. Instead, they didn't. They presented different contract language, or they could have expressly reserved the right for initial court determination. Nowhere in the record is any objection. In fact, they overstate their objection. Nowhere in the record is there any objection to the jurisdiction of the arbitrator, the arbitrator's authority to bind the parties on substantive arbitrability. Do you have any? Sorry, go ahead. I think that's different. There's two questions there. One is, yes, they wanted the arbitrator to decide the merits of, are they liable for this unused vacation pay under all of the various clauses and other evidence that was presented. But that's different from saying you can decide whether we should have an arbitration at all, or whether this is arbitrable. Those are two different issues. Correct, Your Honor. We agree with that. Here's what happened. As the district court pointed out, the issues are interwoven. Necessarily encompassed in the issue of whether the Merage violated the CBA is whether the Merage is even a proper party and this grievance can be arbitrated. The arbitrator did not get to the merits. The district court did not get to the merits. And as Judge Owens has pointed out recently in Drywall Dynamics, a case you were on, there's a very limited scope of review for the court to look at these cases. When you initially delegate substantive arbitrability to the arbitrator, the court doesn't second guess that decision. Here we have a clear and unmistakable conduct where they argued arbitrability during the arbitration hearing, presented evidence on it, never submitted a jurisdictional objection, submitted in the... Well, but they didn't know that anybody was objecting to arbitrability at the time they went before the arbitrator. They were just following what they had to do under Section 21. And so the next step was to go to arbitration. I mean, without knowing there was an objection to the matter being arbitrated, it wouldn't have made any sense for them to go to court and say, would you decide whether we should now go to arbitration? I mean, how could that have worked? Except, Your Honor, in this situation, once we raise a substantive arbitrability issue, they could have done one of the two George Days methods, expressly reserve it for court decision and continue with the hearing, or say, we're not going to even talk about the arbitrability issue. They're trying to play a semantics game with you and say, hey, this was really a merits issue. No, we clearly state it as a substantive arbitrability issue. If you want to pretend and evade that we didn't present it as substantive arbitrability, that's going to be your downfall, because we clearly presented it as that. The arbitrator understood that. Their argument that he's saying, oh, it's procedural, not substantive, if he misreads the contract, or if he gives a faulty legal conclusion, faulty logic, you still cannot second-guess him under the deferential standard of review. Our position is clearly that we had a clear and unmistakable agreement. Now they're trying to get the second by the apple Your Honor mentioned. They're saying, no, we never intended that after getting the unfavorable result. Before getting the unfavorable result, at any time they could have said, wait, we're going to not give this to the arbitrator, we're going to give this to court. So, Your Honor, they had apple opportunity to do that, and they never did. To get to Your Honor's question, practically speaking, we would have been happy to go to mediation. But as you can see, the union's position is that they want to get to the merits. My understanding that this case is only worth about $70,000 to $75,000. But at this point, they're saying, we don't even want to get there. We don't want to get to the remedy. We just want to get to this principled point of casinos have liability for their third parties. So in my opinion, mediation would not be effective. But just to be clear, though, you are open to it. We would be open if Your Honor wanted to send us there. I think it would be futile. And I think a decision at this point is warranted to say, they delegated the decision through their conduct of substantial arbitrability to the arbitrator. And you should affirm the court's decision on that. How do you come up with the idea? I mean, you could say that there was some implicit agreement. I don't know that the union would, well, it may disagree with that. But is that the same thing as clearly and unmistakably agreeing to substantive, to having the arbitrator decide substantive arbitrability? Here's how I get to clearly and unmistakably agreeing. First, they continue with the arbitration hearing. They presented contract language on substantive arbitrability, whether or not there was joint liability of safeguard. In their letter to the arbitrator after the arbitration hearing, they made no distinction between procedural and substantive arbitrability. They said, we will submit arbitrability to you. At the very end of their post-hearing brief, they said, we will address this issue in our next brief to you. They didn't say, we are not addressing substantive arbitrability. Then even in their motion for summary judgment briefing to the district court, they say they intended to address arguments to the arbitrator in their second brief. All of that conduct without any sort of objection whatsoever about jurisdiction, no objection that the arbitrator cannot bind them is clear and unmistakable conduct that we agreed for the arbitrator to decide substantive arbitrability. Them saying that's silent or ambiguous really is belied by the record. So are you conceding that in this posture where they're the ones who sent the dispute to arbitration, the clearly and unmistakably standard applies? I'm not conceding that. I'm saying we should follow George Day. But I'm saying even if clearly unmistakably applies, that's fine. We will comply with that. I agree that we met our burden of providing clear and unmistakable conduct. So I know you don't agree with the premise of the question I'm about to ask. But if we agree with you that they let the arbitrator decide substantive arbitrability, but we think he then decided it so incorrectly that we need to reverse. What do you think would happen? Would this go back to the same arbitrator for the merits? Yes, I do. I think that you can't quite get there, though. They're saying that you have to find that he didn't draw from the essence of the contract. Here, there's clear evidence that he drew from the essence. He interpreted the contract language. He said there's no joint liability clause. Now, there might be overlapping factual support for merits arguments versus substantive arbitrability arguments. But just because you use similar facts to make different legal arguments doesn't mean he reached the merits. He could still look at the MOA to decide who was the correct party to bring this grievance against, and whether it was arbitrable against the Merage. So I think there's plenty of support that he drew, saying- I don't really understand how you can interpret section 21, which says that a dispute over the meaning of the CBA goes to arbitration as not including this dispute over who has liability here. You may win on liability. Who knows? But this is a dispute about who has liability under the CBA. So how is it not covered by section 21? I think it presents the rare instance where you have a third party to a CBA. So you look at the MOA and the memorandum says- But why do you do that? This is a dispute. I mean, you might think you're not liable, but so then you win if you're right. But the union has a dispute with Merage about whether this is covered. And so you have a dispute over the scope of the CBA. I don't think we do. The grievance was about non-employees of the Merage. So when you're looking to decide how broad does that arbitration clause cover, it doesn't cover non-employees filing a grievance against Merage. And our argument is the evidence that the arbitrator relied on to interpret the arbitration clause like that as being excluded in this particular instance was that there was no joint liability language. There was specific language that said, B.B. King's is the employer to pay benefits and wages. There was nothing that said Merage would pay benefits and wages of non-employees. But so that's fine. You go to arbitration and then maybe you win on that argument. But you have a dispute, as far as I can tell. The union and Merage have a dispute about whether Merage has liability. Now maybe you think you're right and you don't have liability. But I don't see how you get around. You have a dispute over whether there's liability under the CBA. Now you say, we don't really have liability under the CBA. Okay, but that's an argument about whether you have liability under the CBA. I just am not following your logic about why this isn't covered by section 21. I think the fact is we have interwoven issues. So getting to the merits, which is what you're talking about, the liability, we don't even want to go there. I agree, maybe that would be the end result. And given how the arbitrator telegraphed, that probably would be the end result on the merits. But we're saying, you cannot second guess his reasoning. He did not deviate from looking at the contracts and past contract language to decide, did this arbitration clause cover our dispute? Okay, so your argument, which may be correct, I don't know. But your argument is basically, it's not so wrong that it can be reversed. Not that it's right. Correct. Judge Bucklow? I don't have any more questions. Unless you have anything more. Thank you, Your Honor. Counsel, we'll give you one minute. Thank you. I want to return to the last line of questioning. Because this is the case in which the decision is so wrong that it does not draw its essence from the contract. The arbitrator did not look at Article 21, did not interpret the scope of Article 21, the definition of a grievance. And there is no way in which the parties dispute, not just abstractly over whether Merage has liability, but dispute over the meaning of the following phrase. Merage shall hold at all times, hold and exercise full control over the terms and conditions of B.B. King's employees' employment. That language, there is unquestionably a dispute over the meaning of that language. That's the merits of the dispute. The arbitrator did not ask, answer the question that was put in front of him, if it was put in front of him, of does that dispute fall within an arbitration clause, a grievance clause, that requires the arbitration of disputes over the meaning or interpretation of the CBA. This is an instance in which the arbitrator ignored the relevant provision of the contract, did not answer the question that Merage says was put in front of him of substantive arbitrability, and issued a decision with far-reaching ramifications for the union that did not draw its essence from the collective bargaining agreement's arbitration clause. All right. Thank you, Counsel. This matter's been submitted. Thank you, Counsel, for your argument.
judges: Owens, Friedland, Bucklo